*63 OPINION.
Aeundell :
Petitioner alleges that for each of the years the respondent erred in refusing to allow, for invested capital purposes, the full *64 cash value of the stock or the assets of the Weighing & Sales Co., and in refusing to allow any value for intangibles. Apparently the claim for inclusion of intangibles was abandoned as no proof was directed to that issue and it is not argued in petitioner’s brief.
As to the claim for inclusion of the value of the stock or assets of the Weighing & Sales Co., the'facts, briefly restated, are these: The Chocolate Company, upon organization in 1911, acquired for cash and its own stock and bonds the entire stock issue of the Weighing & Sales Co. which in turn owned or controlled five other companies. In November, 1917, a new corporation, the present petitioner, was organized and issued a part of its stock for the assets of the Chocolate Company. The Commissioner has included in invested capital of the petitioner the book value of the machines of the Weighing & Sales Co. and this is the only item he has included on account of petitioner’s ownership of the Weighing & Sales Co. stock.
There is no issue as to the inclusion of the value of any stock or tangible assets other than those of the Weighing & Sales Co.
It is clear that through the ownership, first by the Chocolate Company and later by the petitioner, of all the stock of the Weighing & Sales Co. there was a statutory affiliation and invested capital must be determined on that basis. Petitioner’s idea seems to be that in computing the invested capital of the affiliated group, there should first be determined the cash value of the stock or assets of the Weighing & Sales Co. and that that value should go into and remain in the invested capital of the Chocolate Company and follow through into the invested capital of the present petitioner, subject to the limitations of section 208 of the Revenue Act of 1917 and section 831 of the Revenue Act of 1918. We may say here that we can not determine that these sections have any application because we have not been furnished with sufficient details of the so-called reorganization by which the petitioner took over the Chocolate Company’s assets. In the view we take of the case it is not necessary to decide this question. Petitioner’s theory for the computation of consolidated invested capital is not in accord with the method we have approved as correct, and which is stated in Middlesex Ice Co., 9 B. T. A. 156, as follows:
Under requirements made by tbe Treasury Department one of tlie early steps in ascertaining tbe consolidated invested capital of a group of affiliated companies is tbe preparation of a consolidated balance sheet. Each member of the affiliated group enters the consolidation with its invested capital as defined by section 828 of the Bevemie Acts of 1918 and 1921. From tbis preliminary exhibit there is then eliminated such items or amounts as are shown to be duplications either of investment or of earned surplus and undivided profits. (Italics added.)
*65 See also Farmers Deposit National Bank, 5 B. T. A. 520, and Grand Rapids Dry Goods Co., 12 B. T. A. 696. From this it is evident that in order to compute consolidated invested capital there must be in the record sufficient facts to permit of a computation of the invested capital of Weighing & Sales Co. under section 207 of the Revenue Act of 1917 and section 326 of the Revenue Act of 1918. We do not have the necessary facts in this case. All the evidence before us on this point consists of the balance sheets of the five companies that the Weighing & Sales Co. owned or controlled in 1911. From this evidence alone it is impossible to determine the invested capital of the Weighing & Sales Co. and consequently we can not determine the amount to be included in consolidated invested capital. We are accordingly unable to find that the respondent erred in refusing to include in the consolidated invested capital any more than the amount he has allowed.
Petitioner concedes in its brief that the remaining question is settled by decisions of the Board holding that under section 1207 of the Revenue Act of 1926 invested capital may be reduced on account of taxes for prior years.

Judgment will be entered for the respondent.